COLE, Circuit Judge,
concurring.
What dark days for the Michigan court system, whose Hall of Justice is inscribed with the words “freedom,” “truth,” “equality,” and perhaps most importantly — “justice.” Through a deeply troubling pattern of personal and professional misconduct, as well as a long line of salacious news headlines that followed, Circuit Court Judge Wade McCree may as well have taken a sandblaster to those inscriptions. Casual readers of this opinion (as well as the plaintiff-appellant, Robert King) may erroneously conclude that, by affirming the grant of absolute judicial immunity from suit for personal damages, we are somehow endorsing Judge McCree’s conduct or going out of our way to protect one of our own. Though constrained by precedent to grant immunity, we do nothing of the sort.
In this case, there is no debate that Judge McCree failed to meet even the most basic expectations for members of the judiciary. The Michigan Supreme Court recently determined that he had a sexual affair with Geniene La’Shay Mott, who was a complaining witness in a case before him; that he regularly engaged in ex parte communications with Mott regarding the status of the case, even while he was sitting on the bench, which led her to believe that she could influence his judicial decisions; that he asked Mott to keep their relationship confidential because of a then-pending Judicial Tenure Commission investigation regarding his previous conduct toward a female deputy sheriff; that he intentionally used his judicial position to advance his own interests by holding on to the King case to keep Mott interested in him; and that he failed to recuse himself from the case as soon as he started the *444 relationship with Mott. In re McCree, 495 Mich. 51, 845 N.W.2d 458, 460-62 (2014). As a result, the Michigan Supreme Court removed Judge McCree from office and conditionally suspended him without pay for six years beginning on January 1, 2015, on the off chance that Wayne County voters might re-elect him to office this fall. Id. at 476.
I applaud the Michigan Supreme Court for taking these actions and for doing its level best to restore some measure of dignity and integrity to the bench that Judge McCree so sullied. That said, King’s suit seeking to hold Judge McCree personally liable for damages is not the solution. “Generally, we rely upon the judges further up the judicial hierarchy to review and correct the rulings of lower courts.” Bright v. Gallia Cnty., Ohio, 753 F.3d 639, 644 (6th Cir.2014). “Only in a few circumstances do we allow lawsuits against individual judges to proceed, and for good reason.” Id. While Judge McCree’s misconduct was worthy of removal from office, see McCree, 845 N.W.2d at 476, the majority opinion properly and persuasively concludes that his misconduct does not fit within one of the narrow exceptions to absolute judicial immunity.
Absolute judicial immunity remains “strong medicine.” Forrester v. White, 484 U.S. 219, 230, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (internal quotation marks omitted). At times, its application will seem over-inclusive — shielding from suits for damages those who clearly have abused their office and tarnished the reputation of the judiciary. This is the price we all must pay for “the benefit of the public, whose interest it is that judges should be at liberty to exercise them functions with independence and without fear of consequences.” Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (internal quotation marks omitted). I take solace knowing that the Michigan Supreme Court has already stepped in and rendered the best justice possible: removing Judge McCree from office. Accordingly, I join the majority in affirming the district court’s grant of judicial immunity and dismissal of King’s suit.